YURI MIKULKA (State Bar No. 185926)
Email: yuri.mikulka@alston.com
H. JAMES ABE (State Bar No. 265534)
Email: james.abe@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
*EnterMedia Co., Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOHIM EPF USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PONDANET, INC., a Delaware corporation d/b/a US Karaoke; ENTERMEDIA CO., LTD., a corporation organized under the laws of the Republic of Korea; SUNG DOO LEE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:19-cv-00349-SVW (KESx)<br><br>Hon. Stephen V. Wilson<br><br>**DEFENDANT ENTERMEDIA CO., LTD.'S NOTICE OF MOTION AND MOTION TO QUASH SUMMONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)**<br><br>*[Declaration of Sung D. Lee and [Proposed] Order filed concurrently herewith]*<br><br>Complaint Filed: February 22, 2019<br>Hearing Date: July 15, 2019_____<br>Department: 10A<br>Time: 1:30 p.m. |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT ON July 15, 2019 at 1:30 p.m., before the Honorable Stephen V. Wilson, in Courtroom 10A of the United States Courthouse for the Central District of California, Western Division, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California, Defendant EnterMedia, Co., Ltd. ("EnterMedia") will and hereby do move the Court to quash service of the summons of Plaintiff Elohim EPF USA, Inc.'s ("Elohim") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

As set forth in the accompanying Memorandum of Points and Authorities, service of the summons on EnterMedia should be quashed because Elohim failed to serve EnterMedia, an entity located in South Korea, through the Hague Convention or to serve by alterantive means by serving EnterMedia's "general manager" as contemplated by Federal Rules of Evidence 4(e) or 4(h). Instead, Elohim left the summons with a receptionist at another company, Pondanet, Inc., which has no ownership relationship with EnterMedia. Elohim's only evidence of an alleged "general manager" relationship between Pondanet and EnterMedia are general statements on inactive webpages, which fail to show the type of close relationship required for a domestic corporation to be considered the general manager for the purpose of accepting service on behalf the foreign manager. Even if Pondanet was deemed EnterMedia's general manager, service of process was still insufficient because the summons was merely left with a clerical employee who did not have authority to accept service, nor was she sufficiently integrated with Pondanet to ensure that Pondanet (much less the unaffiliated foreign corporation EnterMedia) was apprised of the summons.

Pursuant to Local Rule 7-3, the parties met and conferred on the basis of the motion on a phone call on May 10, 2019 and in correspondence dated May 13 and May 15, 2019.

This Motion is based on this Notice of Motion and Motion, the accompanying

1  Memorandum of Points and Authorities; the pleadings and papers filed in this action;
2  and such further argument and matters as may be offered at the time of the hearing of
3  this Motion.

4  DATED: June 17, 2019         **ALSTON & BIRD LLP**

By: */s/ Yuri Mikulka*
        Yuri Mikulka
Attorneys for Defendant
***EnterMedia Co., Ltd.***

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant EnterMedia Co., Ltd. ("EnterMedia"), a company located in South Korea, brings this Motion to Quash Service of Summons because Plaintiff Elohim EPF USA, Inc. ("Elohim") has failed to serve EnterMedia under the settled procedures for serving process on a foreign corporation. Instead, Elohim sought a shortcut by simply leaving the summons with the receptionist at Pondanet, Inc, ("Pondanet"), an unrelated company with offices in Anaheim, California. Pondanet is not EnterMedia's registered agent for service of process and there is no corporate affiliation or ownership interest between EnterMedia and Pondanet whatsoever. Rather, EnterMedia is merely one of many distributors of EnterMedia's products. Therefore, Pondanet is not EnterMedia's "general manager" for purposes of service of process. Elohim cannot shortcut the procedures required for serving process on foreign defendants under Federal Rules of Civil Procedure by simply leaving the summons with a domestic distributor.

Even if Pondanet was considered EnterMedia's general manager, Elohim's service would still be insufficient because it merely left the summons with a clerical employee who had no authority to accept service. Service on a corporation requires that the papers be left with an individual so integrated with the organization that he or she will know what to do with the papers. Service on a clerical employee like a receptionist does not fulfill that requirement, and the motion to quash should be granted for that reason as well.

## II. FACTUAL AND PROCEDURAL BACKGROUND

EnterMedia is an entity with offices in Seoul, South Korea. Declaration of Sung D. Lee ("Lee Decl."), ¶ 2. EnterMedia has no offices in the United States, and sells its products to domestic importers and distributors that sell EnterMedia's products in the United States. Lee Decl., ¶ 3. Pondanet is one of many distributors of EnterMedia products in the United States. Lee Decl., ¶ 4. The website at

www.entermedia-us.com at one time incorrectly identified Pondanet as a "branch office" of EnterMedia. Lee Decl., ¶ 4. This was inaccurate and the website not currently active. *Id*. EnterMedia has no ownership interest in Pondanet and no formal corporate affiliation with Pondanet. Lee Decl., ¶ 5. Pondanet is not a subsidiary of EnterMedia. *Id*. EnterMedia has not appointed Pondanet as its registered agent for service of process in California. *Id*. EnterMedia exerices no control over Pondanet and has no input in Pondanet's business decisions. *Id*. By the same token, Pondanet exercises no control over EnterMedia, and Pondanet has no input in EnterMedia's business decisions. *Id*. Business between Pondanet and EnterMedia is Pondanet's distribution of EnterMedia karaoke devices. *Id.,* ¶ 2.

Elohim filed its Complaint for copyright infringement on February 22, 2019, naming Pondanet and EnterMedia as defendants. Elohim claims to be the exclusive subpublisher in the United States for various Korean music composititions that Elohim alleges are used without a license in defendants' karaoke products, including a mobile application and karaoke machines.

Elohim filed a proof of service of summons related to service on EnterMedia on May 1st, 2019. [Dkt. No. 20.] The proof of service of summons states that Elohim served EnterMedia personally through Pondanet, "as the agent and/or general manager of EnterMedia Co., Ltd." The proof of service cites Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1) and CCP 416.10(b) and Cal. Corp. Code Section 2100. [*Id*.] The proof of service states that the summons was left with "Katrina Doe, a person in charge of the premises at Pondanet, Inc." [Dkt. No. 20.] Cathrina Lim (the "Katrinia" referenced in the proof of service), however, is a receptionist at Pondanet. Lee Decl., ¶ 6.

### III. ELOHIM'S SERVICE OF THE SUMMONS ON ENTERMEDIA IS INSUFFICIENT AND MUST BE QUASHED

**A. Legal Standard**

Proper service of process is a critical facet of ltigiation. A court cannot exercise

personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4").

Insufficient service of process may be quashed pursuant to Federal Rule of Civil Procedure 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). And while Federal Rule of Civil Procedure 4 governing service of process is often interpreted flexibly, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

### B. **Plaintiff Has Not Met Its Burden Of Demonstrating That Pondanet is EnterMedia's General Manager Who Can Accept Service for EnterMedia**

Elohim's service of process was insufficient because it merely left the summons with a clerical employee of a company with no corporate affiliation or ownership connection with EnterMedia. As an initial matter, many of the stated bases for service of process in Elohim's proof of service of summons are inapplicable to EnterMedia. [Dkt. No. 20.] Federal Rule of Civil Procedure 4(e)(1) applies to individuals within a judicial district of the United States and thus does not apply to EnterMedia, which is a Korean corporation located in Korea. With respect to Cal. Corp. Code Section 2100, EnterMedia has not appointed Pondanet as an agent for service of process, thus that section is not applicable here. Lee Decl., ¶ 5.

The remaining basis for service of process on EnterMedia is the allegation that Pondanet was served as EnterMedia's general agent or general manager under under Federal Rule of Civil Procedure 4(h)(1) or California Code of Civil Procedure § 416.10. Pondanet is not EnterMedia's general manager/agent for purposes of service

of process under Federal Rule 4(h)(1) or California Code of Civil Procedure § 416.10. Pondanet is merely one of many non-exclusive distributors for EnterMedia—a relationship that does not rise to the level of "general manager." The case of *Thomas v. Takeda Pharms. United States, Inc.*, Case No. 1:16-cv-01566-LJO-EPG, 2017 U.S. Dist. LEXIS 76721, *12 (E.D. Cal. May 19, 2017), where the court quashed service of summons on a U.S. subsidiary of a Japanese pharmaceutical company, is illustrative. Under California law, a U.S. subsidiary is a "general manager" for purposes of service of summons only where there was "evidence of a sufficiently close connection between the ***subsidiary and the parent company***." *Id*. at *11 (emphasis added). The court quashed the summons in *Thomas* because there was no evidence of a sufficiently close connection between the Japanese parent and the U.S. subsidiary.

Here, Elohim's only evidence of the relationship between Pondanet and EnterMedia comes from general statements from outdated and inactive pages of EnterMedia's website. Elohim identifies a page that described Pondanet as a "branch office" of EnterMedia. [Dkt. No. 17, First Amended Complaint at ¶ 6.] As described above, that description of Pondanet's relationship to EnterMedia is incorrect and the website no longer active. Lee Decl., ¶ 4. In any event, general statements on a company website are not enough to establish that a domestic distributor is a "general manager" of a foreign company for purposes of service of process. In *Thomas,* the evidence cited by Plaintiff as establishing a connection between the companies were webpages that described the U.S. company as "a key contributor to [Takeda's] global growth and success" and Takeda's "largest business unit outside of Japan." *Thomas,* 2017 U.S. Dist. LEXIS 76721 at *12. That wasn't enough because "there is nothing that shows what TPUSA does in terms of marketing, developing, or selling products, how much of those efforts are geared toward California, or any indication of the day-to-day relationship between TPUSA (or any of the subsidiaries) and Takeda such that actual notice to Takeda of service of the complaint would be likely." *Id*. at *12-*13. This case is even clearer as to the insufficiency of the service of summons because

there is no parent-subsidiary relationship between EnterMedia and Pondanet, whereas in *Thomas*, the plaintiff served a subsidiary. Moreover, Pondanet does not handle logistics for EnterMedia and Pondanet has no input whatsoever in the design or manufacturing process. Lee Decl., ¶ 5. EnterMedia's and Pondanet's relationship is limited to that of seller and buyer, which does not make Pondanet EnterMedia's general manager for purposes of service of process.

The court also granted a motion to dismiss for failure to serve the summons in *Manchester v. Sivantos GMBH*, Case No. 2:17-CV-05309-ODW (JEMx), 2018 U.S. Dist. LEXIS 14108, *21 (Jan. 29, 2018). There, "generalized statements" on the Defendants' websites about the relationship between U.S. entity Sivantos, Inc. and German entity Sivantos GmbH were insufficient to establish that the U.S. subsidiary was the "general manager" of the German parent. Just as in *Thomas* and *Manchester*, all Plaintiff has identified to support the contention that Pondanet is EnterMedia's general manager are some generalized statements on a website. As the Court held in *Thomas* and *Manchester*, service of the summons on a U.S. entity, which in this case is not related, was insufficient to serve the foreign entity.

Elohim's attempted service on Pondanet is merely an attempted end run around the established procedures for serving a foreign defendant. Federal Rule of Civil Procedure 4(f) expressly provides that a foreign corporation like Entermedia may be served by the Hauge Convention. Fed. R. Civ. Proc. 4(f)(1). South Korea is a signatory to the Hague Convention, and "to properly serve an individual in South Korea per the Hague Convention, a plaintiff must serve a translated version of the Complaint through South Korea's designated Central Authority." *Baek v. Radish Media, Inc.*, Case No. CV 18-7475-RSWL-RAO, 2018 U.S. Dist. LEXIS 196014, *5 (C.D. Cal. Nov. 16, 2018). Elohim has done none of these things, so service on Entermedia is improper and must be quashed. *Id*. (quashing service because "Plaintiff's failure to comply with the Hague Convention renders his attempted service improper.")

### C. Service was Insufficient Because Elohim Merely Left the Summons with a Clerical Employee

Even if Elohim could show that Pondanet is the general manager of EnterMedia (which it is not), service would still be improper because Elohim did not serve the person in charge at the Pondanet office. The proof of service of summons states that the summons was left with "Katrina Doe, a person in charge of the premises of Pondanet, Inc. at the address above." [Dkt. No. 20.] Elohim is unable to show that "Katrina Doe" is a person in charge; to the contrary, Ms. Cathrina Lim is a receptionist. Courts regularly hold that service of process on a clerical employee such as a receptionist is insufficient. *See Chapman v. Teamsters Local 853*, No. C 07-1527 SBA, 2007 U.S. Dist. LEXIS 83977, *6 (N.D. Cal. Oct. 30, 2007) (quashing service of process made on clerical employee of union because there was no indication that "she was an officer, manager or other figure so integrated with the organization that she would know what to do with the papers."); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 U.S. Dist. LEXIS 117944, at *1-3 (N.D. Cal. Nov. 24, 2009) (finding service of process on unincorporated association insufficient because administrative assistant served was neither "a designated agent for service" nor "a person of sufficient authority within the tribe to accept service"); *Bender v. Nat'l Semiconductor Corp.*, No. C 09-01151 JSW, 2009 U.S. Dist. LEXIS 81842, at *1-3 (N.D. Cal. Sept. 9, 2009) (finding service of process on "large corporation" insufficient where receptionist served "did not advise [process server] that she was authorized to accept service" and there was no evidence she "play[ed] a large role in the overall structure of [the company]").

Here, Ms. Lim is not authorized to accept service on behalf of Pondanet. Lee Decl. at ¶ 6. Her duties do not include accepting service of process, and she has not been given any instruction about what to do when someone drops off a service of summons with her. *Id*. EnterMedia was notified of the summons only after the diligence of counsel working to ensure that EnterMedia did not miss an important

response deadline. EnterMedia was not given actual notice by Ms. Lim. *Id*. Therefore, Elohim's service on Ms. Lim was insufficient under Federal Rule of Civil Procedure 4(h) and the service of summons must be quashed.

## IV. CONCLUSION

For the foregoing reasons, EnterMedia respectfully requests that this Court quash Elohim's insufficient service of the summons on EnterMedia.

DATED: June 17, 2019              **ALSTON & BIRD LLP**

By: */s/ Yuri Mikulka*
      Yuri Mikulka
Attorneys for Defendant
***EnterMedia Co., Ltd.***

# CERTIFICATE OF SERVICE

I, Melony Hempfling, certify and declare as follows:

1. I am over the age of 18 and not a party to the within action.

2. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.

3. On **June 17, 2019**, I caused a copy of the **DEFENDANT ENTERMEDIA CO., LTD.'S NOTICE OF MOTION AND MOTION TO QUASH SUMMONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)** to be served via email on the following attorneys representing Plaintiff ELOHIM EPF USA, INC.:

EVAN S. COHEN, ESQ. (SBN 119601)
esc@manifesto.com
1180 South Beverly Drive, Suite 510
Los Angeles, CA 90035-1157
Tel: (310) 556-9800

BYRNES HIRSCH P.C.
Bridget B. Hirsch (SBN 257015)
bridget@byrneshirsch.com
2272 Colorado Blvd., #1152
Los Angeles, CA 90041
Tel: (323) 387-3413

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 17, 2019** at Los Angeles, California.

*/s/ Melony Hempfling*
Melony Hempfling